UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Debra McNeill Kittrell, | )   Case No. 11-80985C-13D |
| | ) |
| Debtor. | ) |
| | ) |

## OPINION AND ORDER

This case came before the court on January 26, 2012, for hearing on an objection by the Debtor ("the Objection") to the United States Department of Housing and Urban Development's ("HUD") amended proof of claim ("the Amended Proof of Claim"). A.B. Harrington, III appeared on behalf of the Debtor and Joan B. Binkley appeared on behalf of HUD. Having considered the Amended Proof of Claim, the Objection, the evidence offered by the parties, the legal memoranda submitted by the parties, and the arguments of counsel, the court finds and concludes as follows:

## FACTS

The facts of this case are undisputed. On June 6, 1982, the Debtor and John Waylon Porter, Jr. ("Mr. Porter") purchased a mobile home from McClendon Homes & Realty, Inc. ("the Seller"). The Debtor and Mr. Porter financed their purchase by entering into a Retail Installment Contract and Security Agreement ("the Loan") with the Seller. The Seller immediately assigned the Loan to Kensington Mortgage and Finance Corporation ("Kensington"). Kensington provided financing for the Loan and HUD insured the Loan pursuant to Title I of the National Housing Act, 12 U.S.C. § 1703. The maturity date of the Loan was October 1, 1999. On December 31, 1990, the Debtor and Mr. Porter defaulted on the Loan. Kensington repossessed the mobile home, credited the account with the best price attainable, and filed a claim of loss for the balance of the deficiency with HUD.

HUD paid the claim on October 4, 1991, and became the creditor for the deficiency ("the Debt") and was entitled to pursue collection efforts pursuant to 12 U.S.C. § 1703(c)(1)(B). HUD's Financial Operations Center initiated collection by mailing a series of demand letters to the Debtor and Mr. Porter, starting November 10, 1991, and continuing through May 25, 1994. Mr. Porter entered into a partial settlement for his share of the Debt on February 6, 2001. The Debtor was not party to the partial settlement and has not been credited with any payments against the Debt after that time.

On June 20, 2011, the Debtor filed a petition in this court seeking relief under chapter 13 of the Bankruptcy Code. HUD filed its original proof of claim on July 18, 2011, and an amended proof of claim on November 14, 2011, both in the amount of $9,931.95. The Debtor filed an objection to the amended proof of claim asserting that it was barred by applicable statutes of limitation.

## ANALYSIS

Pursuant to section 502(b)(1), it is a defense against a claim if the claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. . . ." The Objection raises the defense that the Amended Proof of Claim should be disallowed because enforcement of the Debt is barred by the applicable statute of limitations and thus has raised a defense that is not based upon the claim being contingent or unmatured. 11 U.S.C. § 502(b)(1). See Keeler v. PRA Receivables Mgmt (In re Keeler), 440 B.R. 354, 360 (Bankr. E.D. Penn. 2009) ("'In formulating an objection to a properly filed proof of claim, the trustee is given the benefit of any defense applicable law, including state law, would afford the debtor as a defense against the claim' including the statute of limitations."); see generally 4 Collier on Bankruptcy, ¶ 502.03[2][b] (16th ed. rev. 2011).

In response to the Objection, HUD first argues that its claim is not subject to any statute of

limitation, either state or federal. HUD correctly notes that its claim is not subject to a state statute of limitations. Although state law usually determines the validity of claims, Travelers v. Pacific Gas, 549 U.S. 443, 450-51 (2007), state statutes of limitation are superceded when the United States pursues its claim in a governmental capacity. United States v. Summerlin, 310 U.S. 414, 416-17 (1940). Because HUD is pursuing the Debt in its governmental capacity, potentially relevant North Carolina statutes of limitation are not applicable.

Whether HUD's claim is barred by a federal statute of limitations involves a different analysis. Unless Congress explicitly provides for a statute of limitations, the United States will not be implicitly time-barred. United States v. City of Palm Beach Gardens, 635 F.2d 337, 339-40 (5th Cir. 1981) (citing inter alia Guaranty Trust Co. v. United States, 304 U.S. 126 (1938)), cert. denied, 454 U.S. 1081 (1981). However, "Congress has passed legislation explicitly directing that a statute of limitations shall run against the United States on claims for debts founded on contracts." United States v. Alvarado, 5 F.3d 1425, 1428 (11th Cir. 1993). Section 2415(a) of Title 28 provides that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . ." Congress enacted 28 U.S.C. § 2415(a) to place "actions by the United States on an equal footing with those by private litigants . . . ." United States v. Limbs, 524 F.2d 799, 801 (9th Cir. 1975) (citing S. Rep. No. 1328, 89th Cong., 2d Sess. 2, 7 (1966), reprinted in, 2 U.S.C.C.A.N., 89th Cong., 2d Sess. 2502 (1966)). HUD correctly asserts that statutes of limitation should be strictly construed in favor of the United States. E.I. Dupont de Nemours & Co. v. Davis, 264 U.S. 456, 462 (1924). However, even a favorable strict construction of section 2415(a) does not enable HUD to finesse the bar imposed by section 2415(a).

Clearly, a claim seeking to recover money owed under a promissory note is founded on a contract for purposes of section 2415(a). See Alvarado, 5 F.3d at 1428. In Alvarado, the defendant received a loan from the United States through the Farmers Home Administration to finance the purchase of a residence. Id. at 1427. The defendant executed a promissory note in favor of the United States, secured by real property. Id. The defendant subsequently defaulted on the promissory note and eight years after the default, the United States sued to recover the amounts owed. Id. The Court of Appeals for the Eleventh Circuit agreed with "every court that has addressed this issue, that a suit to recover from the debtor amounts owed on a promissory note is an action for money damages founded upon a contract." Id. at 1428 (listing cases). Therefore, 28 U.S.C. § 2415(a) was applicable to the United States' claim and it was accordingly barred. Alvarado, 5 F.3d at 1428; see United States v. Begin, 160 F.3d 1319, 1322 (11th Cir. 1998) (applying 28 U.S.C. § 1415(a) to bar collection of deficiency judgment); United States v. Dos Cabezas Corp., 995 F.2d 1486, 1490 (9th Cir. 1993) (same).

HUD next argues that because section 2415(a) refers to an "action for money damages" it is not applicable in this case because filing a proof of claim in a bankruptcy case is not an "action" for money damages. The court does not agree. It is well settled that a creditor's filing of a proof of claim is tantamount to filing a complaint in a civil action. O'Neill v. Continental Airlines, Inc. (In re Continental Airlines), 928 F.2d 127, 129 & n.1 (5th Cir. 1991) (per curiam); Simmons v. Savell (In re Simmons), 765 F.2d 547, 552 (5th Cir. 1985); Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir. 1962). It follows that HUD's proof of claim is subject to the limitation of section 2415(a) to the same extent as its claim would be if it had been asserted outside of bankruptcy in a

4

lawsuit against the Debtor. See Keeler, 440 B.R. at 360 ("if as of the date of the debtor's bankruptcy filing a creditor's claim was barred by the applicable statute of limitations, then the claim must be disallowed upon objection by a party in interest").

HUD relies on two further arguments in its effort to escape the bar imposed by 28 U.S.C. § 2415(a). First, it argues that the Debtor's objection should be considered analogous to a counterclaim and the exception to the statute of limitations described in 28 U.S.C. §2415(f) should apply.[1] This argument is without factual support. As previously noted, the filing of a proof of claim is tantamount to filing a complaint in a civil action. A claimant such as HUD is analogous to a plaintiff in a civil action. An objection to a proof of claim is analogous to an answer in a civil action and the objecting debtor is analogous to a defendant in a civil action. Counterclaims are filed by a defendant "counter" to the plaintiff's claim. Given this procedural lineup, there is no basis for treating the HUD claim as a counterclaim within the meaning of section 2415(f).

HUD's remaining argument is that section 2415(a) is not applicable to its claim because of the exception contained in section 2415(i). Section 2415(i) provides that "[t]he provisions of this section shall not prevent the United States or an officer or agency thereof from collecting any claim of the United States by means of administrative offset, in accordance with section 3716 of title 31." HUD argues that pursuant to 31 U.S.C. § 3720(A) and 26 U.S.C. § 6402(d) (collectively known as

---

[1]Section 2415(f) provides:

> The provisions of this section shall not prevent the assertion, in an action against the United States or an officer or agency thereof, of any claim of the United States or an officer or agency thereof against the opposing party, a co-party, or a third party that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.

the Federal Intercept Statute), the IRS may reduce a taxpayer's refund by the amount of a past-due debt owed to a federal agency and pay the withheld or "offset" amount to the relevant agency. This may be correct, but "administrative offset" is not the remedy at issue here. HUD has filed a proof of claim in a pending bankruptcy case. That proof of claim does not seek to have a federal agency implement an "offset" with respect to funds owed to the Debtor but instead seeks payment from the Debtor. Simply put, filing a proof of claim in a bankruptcy case does not involve administrative offset. Hence, the exception contained in section 2415(i) does not operate to made the limitation contained in section 2415(a) unavailable to the Debtor.

Based upon the foregoing, the court concludes that the six-year limitation contained in 28 U.S.C. § 2415(a) is applicable in this case. It is undisputed that the indebtedness referred to in HUD's proof of claim was incurred more than twenty years before HUD filed its claim and that there were no payments on such indebtedness during the six years preceding the filing of the claim. The claim thus was not filed within the six-year limitation period embodied in section 2415(a) and is barred. The Objection therefore should be sustained and the claim disallowed.

IT IS SO ORDERED.

This 3rd day of February, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Debra m. Kittrell
316 McNeill Mill Road
Broadway, NC 27505

A. B. Harrington, Esq.
P.O. Box 1072
Sanford, NC 27331-1072

Joan B. Binkley
Asst. U.S. Attorney
101 S.Edgeworth Street, 4th Floor
Greensboro, NC 27401

Richard M. Hutson, II, Standing Trustee